**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000443
18-MAR-2021
07:57 AM
Dkt. 39 SO**

NO. CAAP-19-0000443

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
XUAN VAN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTI-16-004761)

### SUMMARY DISPOSITION ORDER

(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Xuan Van (**Van**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**) entered by the District Court of the First Circuit, Honolulu Division,[1] on May 15, 2019. For the reasons explained below, we reverse the Judgment.

On January 23, 2016, state Deputy Sheriff Raymund Calucag (**Deputy Calucag**) used an UltraLyte 20/20 laser device to measure that Van was operating a vehicle at a speed of 32 miles per hour in a 15-mile-per-hour zone. Deputy Calucag cited Van for failing to comply with the speed limit, in violation of Hawaii Revised Statutes (**HRS**) § 291C-102(a)(1) (2007).[2] After a bench trial the district court found that Van violated the

---

[1] The Honorable Blake T. Okimoto presided.

[2] HRS § 291C-102(a)(1) provides: "A person violates this section if the person drives . . . a motor vehicle at a speed greater than the maximum speed limit[.]"

statute.  On appeal, Van contends that the State failed to lay a foundation for admission of Officer Calucag's testimony about Van's speed.

Van argues the State failed to establish that Deputy Calucag was qualified to operate the laser device.[3]  We agree.

> In order to establish a sufficient foundation for admission of a speed reading from a laser gun, the prosecution is required to produce evidence that the nature and extent of an officer's training in the operation of the laser gun meets the <u>requirements indicated by the manufacturer</u>.  To meet this burden the prosecution must establish both (1) the <u>requirements indicated by the manufacturer</u>, and (2) the training actually received by the operator of the laser gun.

<u>State v. Amiral</u>, 132 Hawaiʻi 170, 178, 319 P.3d 1178, 1186 (2014) (cleaned up) (underscoring added) (citing <u>State v. Assaye</u>, 121 Hawaiʻi 204, 215, 216 P.3d 1227, 1238 (2009) and <u>State v. Gonzalez</u>, 128 Hawaiʻi 314, 327, 288 P.3d 788, 801 (2012)).

Deputy Calucag was the only witness to testify at trial.  He testified that he was first trained to use the UltraLyte 20/20 by the Honolulu Police Department (**HPD**) in 2009, and received a refresher course in 2015.[4]  Both sessions involved four hours of classroom instruction and four hours of "on-the-road practical training."  He received and read the device manufacturer's manual during both sessions.  He described the four tests he was trained to perform to confirm the laser device was working properly.  He described how he was trained to aim the device, confirm target acquisition, and read the speed.  He testified that everything he learned was contained in the manufacturer's manual for the device, there was nothing in the manual not covered by his training, and there was nothing in his

---

[3]     Van also contends that the State failed to prove whether the speed measuring device Deputy Calucag used was a laser or a radar device.  During the trial both defense counsel and Deputy Calucag referred to the device as a "laser."  For purposes of this order it does not matter whether the device was a laser or a radar because Van is challenging the qualified operator prong, not the proper functioning prong.

[4]     The record does not indicate whether the "refresher course" was given by HPD, the state Department of Public Safety, the laser manufacturer, or another entity.

training that contradicted the manual.  But the State did not ask Deputy Calucag to describe the training "requirements indicated by the manufacturer," as required under <u>Assaye</u>, 121 Hawaiʻi at 215, 216 P.3d at 1238, <u>Amiral</u>, and <u>Gonzalez</u>.

On cross-examination, defense counsel asked Deputy Calucag:

> Q      That was -- okay.
>
> Do you know if that training that you received from HPD, okay, was pursuant to the manufacturer's recommendations?
>
> A      Yes, sir.
>
> Q      Not -- no, no, no.  Listen to the question.  So I'm not talking about whether the tests were done, okay, but the actual training.  Do you know?
>
> With the actual training.  Not the tests or the -- for the accuracy.  I understand that.  But do you know if that training was done by a -- pursuant to the manufacturer's requirements?
>
> A      Yes.
>
> Q      How do you know that?
>
> A      They're LTI instructors.
>
> . . . .
>
> Q      So let -- let me ask you then.  What are the re -- training requirements?  By the manufacturer.
>
> A      For the student or --
>
> Q      For the training.
>
> A      -- the instructor?
>
> Q      Yeah.
>
> A      I have no idea.
>
> Q      Okay.  So you don't actually know that, correct?
>
> A      No –

On redirect the State did not clarify whether Deputy Calucag's answers pertained to the manufacturer's training requirements for the student, the instructor, or both.

In this case, as in <u>Gonzalez</u>, "the record is silent as to what type of training is recommended by the manufacturer."

Gonzalez, 128 Hawaiʻi at 327, 288 P.3d at 801.  The district court erred in admitting Deputy Calucag's testimony about his laser speed measurement.  Without that testimony, there was no evidence that Van violated HRS § 291C-102(a)(1).  Accordingly, the Judgment is reversed.

DATED:  Honolulu, Hawaiʻi, March 18, 2021.

On the briefs:

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Brian S. Kim,
for Defendant-Appellant.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

4